UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:  23-cv-61004-BLOOM/Valle

ELSIE MACIAS, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

EL BAYÚ DE WELA SARA, INC.,

    Defendant.
_____/

## PLAINTIFF'S PRELIMINARY STATEMENT OF CLAIM

Plaintiff, ELSIE MACIAS ("Plaintiff") by and through undersigned counsel, and pursuant to D.E. 8, hereby files her Preliminary Statement of Claim, as follows:[1]

**A.**     **Preliminary Statement** – Plaintiff's Individual Statement of Claim is a good faith estimate of damages owed to her as of the date of this filing. However, Plaintiff reserves the right to amend her Statement of Claim through the course of discovery as further information is revealed. Because this Statement of Claim was prepared prior to discovery and before Defendants' production of time and payroll records, it is only intended to be a good faith estimate (and not a demand) of Plaintiff's

---

[1] This amount constitutes a good faith estimate of damages owed to Plaintiff, individually, as of the date of this filing. However, Plaintiff reserves the right to amend her Statement of Claim through the course of discovery as further information is revealed. Because this Statement of Claim was prepared prior to discovery and before Defendant's production of time and payroll records, it is only intended to be a good faith estimate (and not a demand) of damages. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) (holding that a Statement of Claim is merely a case management tool utilized by district courts).



damages. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) (holding that a Statement of Claim is merely a case management tool utilized by district courts).

**B.     Individual Statement of Claim for Elsie Macias**

| | |
|---|---|
| **Dates of Employment:** | About May 6, 2022 – April 7, 2023 (approximately 46 weeks) |
| **Regular Hourly Rate:** | $6.98 (5/6/2022 – 4/7/2023) |
| **Tip Notice Claim:** | $3.02 per hour for each hour of work (May 6, 2022 through September 30, 2022) |
| | $4.02 per hour for each hour of work (October 1, 2022 through April 7, 2023) |
| **80/20 Claim:** | $3.02 per hour of work per week x 30% (May 6, 2022 through September 30, 2022) |
| | $4.02 per hour of work per week x 30% (October 1, 2022 through April 7, 2023) |
| **Credit Card Fee Claim:** | $3.02 per hour for each hour of work (May 6, 2022 through September 30, 2022) |
| | $4.02 per hour for each hour of work (October 1, 2022 through April 7, 2023) |
| **Unlawful Kickback Claim:** | $3.02 per hour for each hour of work (May 6, 2022 through September 30, 2022) |
| | $4.02 per hour for each hour of work (October 1, 2022 through April 7, 2023) |
| **Substantial Side Work:** | $3.02 per hour for 6 hours of work per week (May 6, 2022 through September 30, 2022) |
| | $4.02 per hour for 6 hours of work per week (October 1, 2022 through April 7, 2023) |
| **Minimum Wage Claim:** | $1 per hour for each hour of work from September 30, 2022 |
| **Overtime Claim:** | $12.48 per hour for each hour worked above forty (40) hours |
| **Total:** | See Charts Below |

**C.     Calculation of Claims**

   **(i)     Individual Tip Notice Claim**

| Weeks Worked | Hours Worked | Tip Credit Owed | Amount Owed (unliquidated) | Total (liquidated damages included) |
|---|---|---|---|---|
| May 6, 2022 through September 30, 2022 (20 Weeks) | Approximately 538.41 | $3.02 | $1,626.00 | $3,252.00 |

| Weeks Worked | Hours Worked | Tip Credit Owed | Amount Owed (unliquidated) | Total (liquidated damages included) |
|---|---|---|---|---|
| October 1, 2022 through April 7, 2023 (26 weeks) | Approximately 738.04 | $4.02 | $2,967.00 | $5,934.00 |
| **TOTAL:** | | | **$4,593.00** | **$9,186.00** |

  (ii)   Individual 80/20 Claim

| Weeks Worked | Hours Worked | Tip Credit Owed | Amount Owed (unliquidated) | Total (liquidated damages included) |
|---|---|---|---|---|
| May 6, 2022 through September 30, 2022 (20 Weeks) | Approximately 538.41 | $3.02 | $1,626.00 | $3,252.00 |
| October 1, 2022 through April 7, 2023 (26 weeks) | Approximately 738.04 | $4.02 | $2,967.00 | $5,934.00 |
| **TOTAL:** | | | **$4,593.00** | **$9,186.00** |
| **30% OF TOTAL:** | | | **$1,377.90** | **$2,755.80** |

  (iii)   Individual Substantial Side Work Claim

| Weeks Worked | Hours Worked Per Week Performing Side Work | Tip Credit Owed | Amount Owed (unliquidated) | Total (liquidated damages included) |
|---|---|---|---|---|
| May 6, 2022 through September 30, 2022 (20 Weeks) | Approximately 6 | $3.02 | $362.40 | $724.80 |
| October 1, 2022 through December 31, 2022 (12 weeks) | Approximately 6 | $4.02 | $289.44 | $578.88 |

| | | | | |
|---|---|---|---|---|
| January 1, 2023 through April 7, 2023 (14 weeks) | Approximately 6 | $4.02 | $337.68 | $675.36 |
| **TOTAL:** | | | **$989.52** | **$1,979.04** |

### (iv) Minimum Wage Violation Claim

| Weeks Worked | Hours Worked | Additional Minimum Wage Owed | Amount Owed (unliquidated) | Total (liquidated damages included) |
|---|---|---|---|---|
| October 1, 2022 through December April 7, 2023 (26 weeks) | Approximately 738 | $1.00 | $738.00 | $1,476.00 |
| **TOTAL:** | | | **$738.00** | **$1,476.00** |

### (v) Credit Card Processing Violation Claim

| Weeks Worked | Hours Worked | Tip Credit Owed | Amount Owed (unliquidated) | Total (liquidated damages included) |
|---|---|---|---|---|
| May 6, 2022 through September 30, 2022 (20 Weeks) | Approximately 538.41 | $3.02 | $1,626.00 | $3,252.00 |
| October 1, 2022 through April 7, 2023 (26 weeks) | Approximately 738.04 | $4.02 | $2,967.00 | $5,934.00 |
| **TOTAL:** | | | **$4,593.00** | **$9,186.00** |

### (vi) Unlawful Kickback Claim



USA Employment Lawyers| 1800 SE 10th Ave, Suite 205 | Ft. Lauderdale, FL  33316 | (954) 871-0050 |

4

| Weeks Worked | Hours Worked | Tip Credit Owed | Amount Owed (unliquidated) | Total (liquidated damages included) |
|---|---|---|---|---|
| May 6, 2022 through September 30, 2022 (20 Weeks) | Approximately 538.41 | $3.02 | $1,626.00 | $3,252.00 |
| October 1, 2022 through April 7, 2023 (26 weeks) | Approximately 738.04 | $4.02 | $2,967.00 | $5,934.00 |
| TOTAL: | | | $4,593.00 | $9,186.00 |

**(vii)  Overtime Claim**

| Weeks Worked | Overtime Hours Worked Per Week | Hourly Overtime Wage Owed | Amount Owed (unliquidated) | Total (liquidated damages included) |
|---|---|---|---|---|
| December 27, 2022 through January 2, 2023 | Approximately 4 | $12.48 | $49.92 | $99.84 |
| March 14, 2023 through March 21, 2023 | Approximately 4 | $12.48 | $49.92 | $99.84 |
| TOTAL: | | | $99.84 | $199.68 |

**(viii)  Tip Notice Class on Behalf of All Restaurant Servers and Bartenders**

As set forth within the operative complaint, Plaintiff seeks to recover minimum wages on behalf of a class of dozens[2] of Servers and Bartenders who have worked for Defendant in Hollywood, Florida, each of whom worked approximately 30 hours per week from May 26, 2018 to May 26, 2023 and were not given statutory tip notice. Since we have yet to engage in discovery and have incomplete information for the remaining Servers and Bartenders, the numbers above will be used as an estimate for the class.  Assuming Defendant employs at least 6 Servers and

---

[2] Plaintiff alleges that Defendants have employed more than forty (40) similarly situated Servers and Bartenders during the previous five (5) years.



USA Employment Lawyers| 1800 SE 10th Ave, Suite 205 | Ft. Lauderdale, FL  33316 | (954) 871-0050 |

5

Bartenders at a given time, and each server worked approximately 30 hours per week, the class worked a total of 180 hours per week for which Defendants failed to pay them proper minimum wages. Below are the estimated class damages for this claim:

| 2018 | Estimation of Hours Worked Per Week by the Class | Tip Credit Owed | Amount Owed |
|---|---|---|---|
| 32 Weeks | 180 | $3.02 | $17,395.20 |
|  |  |  |  |
| **2019** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 52 Weeks | 180 | $3.02 | $28,267.20 |
|  |  |  |  |
| **2020** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 52 Weeks | 180 | $3.02 | $28,267.20 |
|  |  |  |  |
| **2021** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 52 Weeks | 180 | $3.02 | $28,267.20 |
|  |  |  |  |
| **2022** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 40 Weeks | 180 | $3.02 | $21,744.00 |
| 12 Weeks | 180 | $4.02 | $8,683.20 |
| **2023** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 21 weeks | 180 | $4.02 | $15,195.60 |

**TOTAL: $147,819.60**

<u>x 2 (liquidated)</u>
**$295,639.20**

### (ix) 80/20 Class on Behalf of All Restaurant Servers and Bartenders

As set forth within the operative complaint, Plaintiff seeks to recover minimum wages on behalf of a class of dozens of Servers and Bartenders who have worked for Defendant in Hollywood, Florida, each of whom worked approximately 30 hours per week from May 26, 2018 to May 26, 2023 and were required to spend more than 20% of each workweek on non-tipped duties and side work. Since we have yet to engage in discovery and have incomplete information for the remaining Servers and Bartenders, the numbers above will be used as an estimate for the class. Assuming Defendants employ at least 6 Servers and Bartenders at a given time, and each Server and/or Bartender worked approximately 30 hours per week, and each Server and Bartender is required to spend approximately 6 hours per week on side work and non-tipped duties, the class worked a total of 54 hours (30% of 180 hours) per week for which Defendants were not permitted to take a tip credit, the class damages are as follows:

| **2018** | **Estimation of Hours of Side Work Worked Per Week by the Class** | **Tip Credit Owed** | **Amount Owed** |
|---|---|---|---|
| 32 Weeks | 180 | $3.02 | $17,395.20 |
|  |  |  |  |
| **2019** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 52 Weeks | 180 | $3.02 | $28,267.20 |
|  |  |  |  |
| **2020** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 52 Weeks | 180 | $3.02 | $28,267.20 |
|  |  |  |  |
| **2021** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 52 Weeks | 180 | $3.02 | $28,267.20 |

| 2022 | Hours Worked Per Week | Tip Credit Owed | Amount Owed |
|---|---|---|---|
| 40 Weeks | 180 | $3.02 | $21,744.00 |
| 12 Weeks | 180 | $4.02 | $8,683.20 |
| **2023** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 21 weeks | 180 | $4.02 | $10,130.40 |

**TOTAL: $147,819.60 x 30%= $44,345.88**

<u>x 2 (liquidated)</u>
**$88,691.76**

  **(x)**   **Substantial Side Work Class on Behalf of All Restaurant Servers and Bartenders**

  As set forth within the operative complaint, Plaintiff seeks to recover minimum wages on behalf of a class of dozens of Servers and Bartenders who were subject to Defendant's unlawful policies which require them to spend 30 or more continuous minutes on non-tipped duties and side work during each shift. Because Defendant enforced these policies against all Servers and Bartenders, Defendant has committed a series of violations against *dozens* of employees who worked for Defendants at their restaurant in Hollywood, Florida during the course of December 28, 2021 to May 26, 2023. As discussed above, we approximate that Defendant employs an average 6 Servers and Bartenders at a given time, with each spending substantial time on side work and non-tipped duties before and after the restaurant opened to the public. Similar to our client, we approximate that each member of the class was required to spend 6 hours per week on non-tipped duties and side work before the restaurant was open and after it closed. Accordingly, the class worked a total of 36 hours per week for which Defendants failed to pay proper minimum wages.

| Weeks Worked | Hours Worked Per Week Performing Side Work | Tip Credit Owed | Amount Owed (unliquidated) | Total (liquidated damages included) |
|---|---|---|---|---|
| January 1, 2022 through September 30, 2022 (40 Weeks) | Approximately 36 | $3.02 | $4,384.80 | $8,769.60 |

| | | | | |
|---|---|---|---|---|
| October 1, 2022 through December 31, 2022 (12 weeks) | Approximately 36 | $4.02 | $1,736.64 | $3,473.28 |
| January 1, 2023 through May 26, 2023 (21 weeks) | Approximately 36 | $4.02 | $3,039.12 | $6,078.24 |
| **TOTAL:** | | | **$9,160.56** | **$18,321.12** |

**(xi)   Minimum Wage Violation**

As set forth within the operative complaint, Plaintiff seeks to recover minimum wages on behalf of a class of dozens[3] of Servers and Bartenders who have worked for Defendant in Hollywood, Florida, each of whom worked approximately 30 hours per week from October 1, 2022 to May 26, 2022 and were not paid the Florida statutory minimum wage. Since we have yet to engage in discovery and have incomplete information for the remaining Servers and Bartenders, the numbers above will be used as an estimate for the class. Assuming Defendants employ at least 6 Servers and Bartenders at a given time, and each server worked approximately 30 hours per week, the class worked a total of 180 hours per week for which Defendants failed to pay them proper minimum wages. Below are the estimated class damages for this claim:

| Weeks Worked | Hours Worked Per Week Performing Side Work | Additional Minimum Wage Owed | Amount Owed (unliquidated) | Total (liquidated damages included) |
|---|---|---|---|---|
| October 1, 2022 through December 31, 2022 (12 weeks) | Approximately 180 | $1.00 | $2,160.00 | $4,320.00 |
| January 1, 2023 through April 7, 2023 (21 weeks) | Approximately 180 | $1.00 | $3,780.00 | $7,560.00 |
| **TOTAL:** | | | **$5,940.00** | **$11,880.00** |

---

[3] Plaintiff alleges that Defendants have employed more than forty (40) similarly situated Servers and Bartenders during the previous five (5) years.



### (i) Credit Card Processing Claim Violation

As set forth within the operative complaint, Plaintiff seeks to recover minimum wages on behalf of a class of dozens[4] of Servers and Bartenders who have worked for Defendants in Hollywood, Florida, each of whom worked approximately 30 hours per week from May 26, 2018 to May 26, 2023 and had their tips unlawfully offset by Defendant's credit card processing fees. Since we have yet to engage in discovery and have incomplete information for the remaining Servers and Bartenders, the numbers above will be used as an estimate for the class. Assuming Defendants employ at least 6 Servers and Bartenders at a given time, and each server worked approximately 30 hours per week, the class worked a total of 180 hours per week for which Defendants failed to pay them proper minimum wages. Below are the estimated class damages for this claim:

| 2018 | Estimation of Hours Worked Per Week by the Class | Tip Credit Owed | Amount Owed |
|---|---|---|---|
| 32 Weeks | 180 | $3.02 | $17,395.20 |
|  |  |  |  |
| **2019** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 52 Weeks | 180 | $3.02 | $28,267.20 |
|  |  |  |  |
| **2020** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 52 Weeks | 180 | $3.02 | $28,267.20 |
|  |  |  |  |
| **2021** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 52 Weeks | 180 | $3.02 | $28,267.20 |
|  |  |  |  |

---

[4] Plaintiff alleges that Defendants have employed more than forty (40) similarly situated Servers and Bartenders during the previous five (5) years.

| **2022** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
|---|---|---|---|
| 40 Weeks | 180 | $3.02 | $21,744.00 |
| 12 Weeks | 180 | $4.02 | $8,683.20 |
| **2023** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 21 weeks | 180 | $4.02 | $15,195.60 |

**TOTAL: $147,819.60**

**x 2 (liquidated)**
**$295,639.20**

    **(i)**     **Unlawful Kickback Claim Violation**

As set forth within the operative complaint, Plaintiff seeks to recover minimum wages on behalf of a class of dozens[5] of Servers and Bartenders who have worked for Defendant in Hollywood, Florida, each of whom worked approximately 30 hours per week from May 26, 2018 to May 26, 2023 and were subject of the restaurant's policy to have Servers and Bartenders use tips to provide unlawful kickbacks for Defendant's losses due to walkouts, breakage, duplicative orders, etc. Since we have yet to engage in discovery and have incomplete information for the remaining Servers and Bartenders, the numbers above will be used as an estimate for the class. Assuming Defendants employ at least 6 Servers and Bartenders at a given time, and each server worked approximately 30 hours per week, the class worked a total of 180 hours per week for which Defendants failed to pay them proper minimum wages. Below are the estimated class damages for this claim:

| **2018** | **Estimation of Hours Worked Per Week by the Class** | **Tip Credit Owed** | **Amount Owed** |
|---|---|---|---|
| 32 Weeks | 180 | $3.02 | $17,395.20 |
|  |  |  |  |

---

[5] Plaintiff alleges that Defendants have employed more than forty (40) similarly situated Servers and Bartenders during the previous five (5) years.

| 2019 | Hours Worked Per Week | Tip Credit Owed | Amount Owed |
|---|---|---|---|
| 52 Weeks | 180 | $3.02 | $28,267.20 |
|  |  |  |  |
| **2020** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 52 Weeks | 180 | $3.02 | $28,267.20 |
|  |  |  |  |
| **2021** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 52 Weeks | 180 | $3.02 | $28,267.20 |
|  |  |  |  |
| **2022** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 40 Weeks | 180 | $3.02 | $21,744.00 |
| 12 Weeks | 180 | $4.02 | $8,683.20 |
| **2023** | **Hours Worked Per Week** | **Tip Credit Owed** | **Amount Owed** |
| 14 weeks | 180 | $4.02 | $15,195.60 |

**TOTAL: $147,819.60**

**x 2 (liquidated)**
**$295,639.20**

Plaintiff also demands reasonable attorneys' fees and costs. Plaintiff will amend these damages throughout the course of discovery as more information and documents become available to her.

**Dated: June 21, 2022**



USA Employment Lawyers| 1800 SE 10th Ave, Suite 205 | Ft. Lauderdale, FL  33316 | (954) 871-0050 |

12

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
(954) 871-0050
*Counsel for Plaintiff*

By: */s/ Michael V. Miller*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 0064005
jordan@jordanrichardspllc.com
michael@usaemploymentlawyers.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 21, 2023.

By: */s/ Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 0064005

### SERVICE LIST

MAX L. HOROWITZ, ESQ.
Florida Bar No. 118269
max@saenzanderson.com
Saenz & Anderson, PLLC
20900 NE 30th Ave. Suite 800
Aventura, Florida 33180
Ph: (305) 503-5131
*Counsel for Defendant*