UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: 0:23-cv-61004-BB

| | |
|---|---|
| ELSIE MACIAS, | ) |
| Plaintiff, | ) |
| v. | ) |
| EL BAYU DE WELA SARA, INC., | ) |
| Defendant. | ) |

**DEFENDANT'S *AMENDED* RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendant, EL BAYU DE WELA SARA, INC. ("Defendant"), by and through undersigned counsel, and in compliance with this Court's Order at ECF No. 3, hereby submits its Response to Plaintiff, ELSIE MACIAS's ("Plaintiff" or "Named Plaintiff") Statement of Claim (at ECF No.7), as follows:

**Preliminary Statement:** Defendant's Response is based on its review of its own documents and the documents provided by Plaintiff in connection with the filing of the Statement of Claim (at ECF No. 7), as well as the applicable law of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and of the Florida Minimum Wage Act, Fla. Stat. § 448.110 and Art. X, Sec. 24 of the Florida Constitution ("FMWA"). Defendant reserves its right to amend this Response as discovery progress and as any further information or documentation is revealed.

1. **Named Plaintiff**: Defendant employed Plaintiff, Elsie Macias, as a tip-credited Server from on or about May 7, 2022 through on or about April 7, 2023 (approximately 48 weeks). During that time, Plaintiff worked as a Server, performing duties such as serving customers, running food orders, interacting with kitchen staff, cleaning and restocking tables and food

stations, and other service functions in Defendant's restaurant.  Plaintiff was notified that she was a tipped employee based on the prominently displayed posters in the employee-only areas of Defendant's restaurant that was available for all employees to review.  As such, Plaintiff was intended and notified to be paid the tipped minimum wage per hour.  Plaintiff also made significant amounts of tips each week based on cash and credit card tips generated for her service work, so much so that it acted as a complete windfall for the majority of claims.

A) <u>Minimum Wage</u>: Plaintiff claims she is owed $1.00 in minimum wage per hour for the period of time between September 30, 2022 through April 7, 2023. Review of the Plaintiff's time records and pay stubs show that Defendant paid Plaintiff $6.98 per hour before September 30, 2022.  However, due to an inadvertent error, Defendant also paid Plaintiff $6.98 per hour after September 30, 2022, instead of the required $7.98 per hour.  Therefore, Defendant intends to rectify this discrepancy and tender the $1,476.00 claimed in the Statement of Claim.  It should also be noted that Plaintiff made significantly more in tips each week that would compensate her for the $3.02 tip credit per hour that Defendant took each week.

B) <u>Overtime</u>: Plaintiff claims she is owed $12.48 per overtime hour.  Though the Statement of Claim does not detail how that rate was calculated or determined, Defendant accepts *arguendo* that this is the rate owed to Plaintiff.  In light of the inadvertent error in the minimum wage paid to Plaintiff, combined with the alleged hours owed for overtime in the Statement of Claim, Defendant states that they therefore intend to rectify this discrepancy and tender the $199.68 claimed in the Statement of Claim.  It should also be noted that Plaintiff made

significantly more in tips each week that would compensate her for the overtime discrepancy.

C) <u>80/20 and Substantial Side Work</u>: Plaintiff claims that she is entitled to the full minimum wage ($10.00 per hour before September 30, 2022 and $11.00 per hour after September 30, 2022) for hours she performed each week that were either non-tipped duties or side work duties, more than 20% of which comprised her workweek.  However, Plaintiff provides no proof of any such hours that she can distinguish in her workweek that were done for non-tipped or side work, as opposed to her serving duties.  Defendant does not dispute that Servers that worked in Defendant's restaurant were required to do some side work e.g. refilling condiments, rolling flatware and silverware setups, etc., but Defendant required such work to be done as needed, and did not require any member of staff to spend significant hours performing such work.  Also, even if such hours were spent on side work, Plaintiff made significant amount in tips that covered for any such discrepancy *even at the full minimum wage*.  As such, Plaintiff is owed nothing for non-tipped or side work performed preliminary or postliminary to her serving duties.

D) <u>Tip Notice</u>: As stated above, Defendant placed posters of the Florida and Federal wage laws, including the laws surrounding tipped wages and tip credits, conspicuously in the employees-only sections of the restaurant.  As such, Plaintiff is owed nothing for this issue, as there was no tip notice violation by Defendant.

E) <u>Credit Card Fees and Unlawful Kickbacks</u>: Plaintiff claims that deductions were made from her tips to account for credit card processing fees, as well as for walkouts, breakage, duplicative orders. However, Plaintiff has provided no proof of any such deductions. Review of Defendant's records show no such deductions either. Even if there were deductions for employee error or mistake, such deductions are well covered by the significant amount in tips Plaintiff made each week, certainly such that Plaintiff never fell below the minimum wage per hour. As such, Plaintiff is owed nothing for these alleged deductions.

2.  <u>Class Allegations</u>: Simply, Plaintiff should not be the class representative, as her claims would not sustain the class. *See East Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395 (1977); *see also Griffin v. Dugger*, 823 F.2d 1476 (11th Cir. 1987). Also, Plaintiff states that there were dozens of servers who worked for Defendant between 2018-2023, but this is incorrect, as during that time Defendant employed around fifteen (15) total servers for that entire period, as many servers stayed working for Defendant for years on end, which would not satisfy the numerosity prong needed for a class. These servers also do not have sustainable claims. As such, no class should be certifiable in this case.

3.  <u>Attorney's Fees and Costs</u>: Given that Plaintiff's claims are minimal (if any), and given that no class will likely be certified, Defendant intends to seek attorney's fees and costs as a prevailing party in an FLSA or FMWA action. Plaintiff's counsel may be owed minimal fees and costs on the minimum wage and overtime claims, but is owed nothing further for having brought any other meritless claims.

Dated: July 14, 2023.

Respectfully submitted,

**/s/Max L. Horowitz**
Max L. Horowitz (FBN: 118269)
E-mail: max@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, I served via mail and email the foregoing document on all counsel of record or *pro se* parties identified on the attached Service List.

By: s/ **Max L. Horowitz**

## SERVICE LIST

**ELSIE MACIAS v. EL BAYU DE WELA SARA, INC.**
Case No.0:23-cv-61004-BB
**United States District Court, SOUTHERN District of Florida**

| | |
|---|---|
| Max L. Horowitz | Jordan Richards |
| E-Mail: max@saenzanderson.com | E-Mail: jordan@jordanrichardspllc.com |
| R. Martin Saenz, Esq. | Michael V. Miller |
| E-Mail: msaenz@saenzanderson.com | E-Mail: michael@usaemploymentlawyers.com |
| SAENZ & ANDERSON, PLLC | USA EMPLOYMENT LAWYERS JORDAN RICHARDS PLLC |
| 20900 N.E. 30th Avenue, Suite 800 | |
| Aventura, Florida 33180 | 1800 SE 10th Ave. Suite 205 |
| Telephone: (305) 503-5131 | Fort Lauderdale, Florida 33316 |
| Facsimile: (888) 270-5549 | Telephone: (954) 871-0050 |
| *Counsel for Defendant* | *Counsel for Plaintiff* |

5