UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number:  0:23-cv-61004-BB

ELSIE MACIAS, on behalf of herself and
all other similarly situated,

       Plaintiff(s),

V.

EL BAYÚ DE WELA SARA, INC.,

       Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF(S)' CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Defendant, El Bayu De Wela Sara, Inc., (hereinafter referred to as "Defendant") by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff, Elsie Macias's ("Named Plaintiff"), on behalf of herself and all others similarly situated ("Class Plaintiffs"), Complaint, and states as follows:

### INTRODUCTION

1.     Defendant admits that this action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.110 and Art. X, Sec. 24 of the Florida Constitution ("FMWA").  Otherwise, denied.

### PARTIES

2.     Defendant is without knowledge of these allegations, and therefore denied.

3.     Defendant denies these allegations and demands strict proof thereof.

4.     Defendant denies these allegations and demands strict proof thereof.

5.      Defendant admits these allegations.

6.      Defendant denies these allegations and demands strict proof thereof.

7.      Defendant denies these allegations and demands strict proof thereof.

8.      Defendant denies these allegations and demands strict proof thereof.

9.      Without knowledge, therefore denied, and demands strict proof thereof.

10.     Defendant admits these allegations.

11.     Defendant admits these allegations.

12.     Defendant admits that it employed the Named Plaintiff, otherwise denied and demands strict proof thereof.

13.     Defendant admits these allegations.

14.     Defendant admits these allegations to the extent that it maintains pay, tip, and time-keeping practices for all of its employees, otherwise denied and demands strict proof thereof.

15.     Defendant admits that Plaintiff was a non-exempt, hourly, and tipped restaurant server, otherwise denied and demands strict proof thereof.

## JURISDICTION AND VENUE

16.     Defendant admits that this action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.110 and Art. X, Sec. 24 of the Florida Constitution ("FMWA").  Otherwise, denied.

17.     Defendant admits that this action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.110 and Art. X, Sec. 24 of the Florida Constitution ("FMWA").

18.  Defendant admits that the jurisdiction of this action would be properly brought in Broward County, Florida, otherwise denied and demands strict proof thereof.

19.  Defendant admits these allegations.

20.  Defendant admits these allegations.

21.  Without knowledge as to the meaning of "conditions precedent," therefore denied, and demands strict proof thereof.

22.  Defendant admits that Plaintiff served Defendant a written pre-suit demand letter regarding her FMWA claims on or about April 19, 2023, otherwise denied and demands strict proof thereof.

## FLSA COVERAGE

23.  Defendant admits that it is a covered enterprise under the FLSA.

24.  Defendant admits that it is a covered enterprise under the FLSA.

25.  Defendant admits that it is a covered enterprise under the FLSA.

## GENERAL ALLEGATIONS

26.  Defendant admits these allegations.

27.  Defendant admits these allegations.

28.  Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws.  Otherwise, denied.

29.  Defendant denies these allegations and demands strict proof thereof.

30. Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error. Otherwise denied and demands strict proof thereof.

31. Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error. Otherwise denied and demands strict proof thereof.

32. Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error. Otherwise denied and demands strict proof thereof.

33. Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error. Otherwise denied and demands strict proof thereof.

34. This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

35. Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws. Otherwise, denied.

36. Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error. Otherwise denied and demands strict proof thereof.

37.   Defendant only admits that side-work is required of all employees of Defendant and that all employees are properly and correctly compensated by law for all duties performed.  Otherwise denied.

38.   Defendant denies these allegations and demands strict proof thereof.

39.   Defendant only admits that side-work is required of all employees of Defendant and that all employees are properly and correctly compensated by law for all duties performed.  Otherwise denied.

40.   Defendant denies these allegations and demands strict proof thereof.

41.   Defendant only admits that side-work is required of all employees of Defendant and that all employees are properly and correctly compensated by law for all duties performed.  Otherwise denied.

42.   Defendant denies these allegations and demands strict proof thereof.

43.   Defendant denies these allegations and demands strict proof thereof.

44.   Defendant denies these allegations and demands strict proof thereof.

45.   Defendant denies these allegations and demands strict proof thereof.

46.   This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

47.   Defendant denies these allegations and demands strict proof thereof.

48.   Defendant admits these allegations.

49.   Defendant admits these allegations.

50.   Defendant only admits that side-work is required of all employees of Defendant and that all employees are properly and correctly compensated by law for all duties performed.  Otherwise denied.

51.  Defendant denies these allegations and demands strict proof thereof.

52.  Defendant denies these allegations and demands strict proof thereof.

53.  This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

54.  This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

55.  Defendant denies these allegations and demands strict proof thereof.

56.  Defendant denies these allegations and demands strict proof thereof.

57.  Defendant denies these allegations and demands strict proof thereof.

58.  Defendant denies these allegations and demands strict proof thereof.

59.  This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

60.  Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error.  Otherwise denied and demands strict proof thereof.

61.  Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error.  Otherwise denied and demands strict proof thereof.

62.  This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

63.  This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

64.  Defendant denies these allegations and demands strict proof thereof.

65.     Defendant denies these allegations and demands strict proof thereof.

66.     Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error.  Otherwise denied and demands strict proof thereof.

67.     Defendant denies these allegations and demands strict proof thereof.

68.     Defendant denies these allegations and demands strict proof thereof.

69.     Defendant admits only that Named Plaintiff worked some workweeks wherein she worked more than 40 hours per week.  Otherwise denied.

70.     Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error, which may have affected the correct overtime rate owed and also paid to Named Plaintiff during her employment with Defendant. Otherwise denied and demands strict proof thereof.

71.     This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

72.     Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error, which may have affected the correct overtime rate owed and also paid to Named Plaintiff during her employment with Defendant. Otherwise denied and demands strict proof thereof.

73.     Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error, which may have affected the correct overtime rate

owed and also paid to Named Plaintiff during her employment with Defendant. Otherwise denied and demands strict proof thereof.

74.    Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error, which may have affected the correct overtime rate owed and also paid to Named Plaintiff during her employment with Defendant. Otherwise denied and demands strict proof thereof

75.    Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error, which may have affected the correct overtime rate owed and also paid to Named Plaintiff during her employment with Defendant. Otherwise denied and demands strict proof thereof.

## CLASS ALLEGATIONS

76.    Defendant denies these allegations and demands strict proof thereof.

77.    Defendant denies these allegations and demands strict proof thereof.

78.    Defendant denies these allegations and demands strict proof thereof.

79.    Defendant denies these allegations and demands strict proof thereof.

80.    Defendant denies these allegations and demands strict proof thereof.

81.    Defendant denies these allegations and demands strict proof thereof.

82.    Defendant denies these allegations and demands strict proof thereof.

83.    Defendant denies these allegations and demands strict proof thereof.

84.    Defendant denies these allegations and demands strict proof thereof.

85.    Defendant denies these allegations and demands strict proof thereof.

86. Defendant denies these allegations and demands strict proof thereof.

87. Defendant denies these allegations and demands strict proof thereof.

88. Defendant denies these allegations and demands strict proof thereof.

89. Defendant denies these allegations and demands strict proof thereof.

90. Defendant denies these allegations and demands strict proof thereof.

## COUNT I: FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS
(TIP NOTICE COLLECTIVE)

91. Defendant hereby re-alleges and re-avers Paragraphs 1-90 as though set forth fully herein.

92. Defendant denies these allegations and demands strict proof thereof.

93. Defendant denies these allegations and demands strict proof thereof.

94. Defendant admits these allegations.

95. Defendant admits that more than 15 days has elapsed since Plaintiff served Defendant with her written pre-suit notice and demand, otherwise denied and demands strict proof thereof.

96. This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

97. This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

98. This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

99. This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

100. This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

101. This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

102. Defendant denies these allegations and demands strict proof thereof.

103. Defendant denies these allegations and demands strict proof thereof.

104. Defendant denies these allegations and demands strict proof thereof.

105. Defendant denies these allegations and demands strict proof thereof.

106. Defendant denies these allegations and demands strict proof thereof.

107. Defendant denies these allegations and demands strict proof thereof.

108. Defendant denies these allegations and demands strict proof thereof.

109. Defendant denies these allegations and demands strict proof thereof.

110. Defendant denies these allegations and demands strict proof thereof.

111. Defendant denies these allegations and demands strict proof thereof.

112. Defendant denies these allegations and demands strict proof thereof.

113. Defendant denies these allegations and demands strict proof thereof.

114. Defendant denies these allegations and demands strict proof thereof.

115. Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error.  Otherwise denied and demands strict proof thereof.

116. Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error.  Otherwise denied and demands strict proof thereof.

117.   Defendant denies these allegations and demands strict proof thereof.

118.   Defendant denies these allegations and demands strict proof thereof.

119.   Defendant denies these allegations and demands strict proof thereof.

120.   Defendant denies these allegations and demands strict proof thereof.

121.   Defendant denies these allegations and demands strict proof thereof.

122.   Defendant denies these allegations and demands strict proof thereof.

123.   Defendant denies these allegations and demands strict proof thereof.

124.   Defendant admits that Plaintiff served Defendant a written pre-suit demand letter regarding her FMWA claims on or about April 19, 2023, otherwise denied and demands strict proof thereof.

125.   Defendant denies these allegations and demands strict proof thereof.

126.   Defendant denies these allegations and demands strict proof thereof.

127.   Defendant denies these allegations and demands strict proof thereof.

128.   Defendant denies these allegations and demands strict proof thereof.

## COUNT II: COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (TIP NOTICE COLLECTIVE)

129.   Defendant hereby re-alleges and re-avers Paragraphs 1-90 as though set forth fully herein.

130.   Defendant denies these allegations and demands strict proof thereof.

131.   Defendant denies these allegations and demands strict proof thereof.

132.   Defendant denies these allegations and demands strict proof thereof.

133.   Defendant denies these allegations and demands strict proof thereof.

134.   Defendant denies these allegations and demands strict proof thereof.

135.   Defendant denies these allegations and demands strict proof thereof.

136.   Defendant denies these allegations and demands strict proof thereof.

## COUNT III: FED. R. CIV. P. CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (80/20 CLASS)

137.   Defendant hereby re-alleges and re-avers Paragraphs 1-90 as though set forth fully herein.

138.   Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws.  Otherwise, denied.

139.   Defendant denies these allegations and demands strict proof thereof.

140.   Defendant denies these allegations and demands strict proof thereof.

141.   Defendant denies these allegations and demands strict proof thereof.

142.   Defendant denies these allegations and demands strict proof thereof.

143.   Defendant denies these allegations and demands strict proof thereof.

144.   Defendant denies these allegations and demands strict proof thereof.

145.   Defendant denies these allegations and demands strict proof thereof.

146.   Defendant denies these allegations and demands strict proof thereof.

147.   Defendant denies these allegations and demands strict proof thereof.

148.   Defendant denies these allegations and demands strict proof thereof.

149.   Defendant denies these allegations and demands strict proof thereof.

150.   Defendant denies these allegations and demands strict proof thereof.

151.   Defendant denies these allegations and demands strict proof thereof.

152.   Defendant denies these allegations and demands strict proof thereof.

153. Defendant denies these allegations and demands strict proof thereof.

154. Defendant denies these allegations and demands strict proof thereof.

155. Defendant denies these allegations and demands strict proof thereof.

156. Defendant denies these allegations and demands strict proof thereof.

157. Defendant denies these allegations and demands strict proof thereof.

158. Defendant denies these allegations and demands strict proof thereof.

159. Defendant admits these allegations and demands strict proof thereof.

160. This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

161. This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

162. This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

163. This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

164. This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

165. This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

166. Defendant admits these allegations and demands strict proof thereof.

167. Defendant admits that Plaintiff served Defendant a written pre-suit demand letter regarding her FMWA claims on or about April 19, 2023, otherwise denied and demands strict proof thereof.

168. Defendant admits that more than 15 days has elapsed since Plaintiff served Defendant with her written pre-suit notice and demand, otherwise denied and demands strict proof thereof.

169. Defendant denies these allegations and demands strict proof thereof.

170. Defendant denies these allegations and demands strict proof thereof.

171. Defendant denies these allegations and demands strict proof thereof.

172. Defendant denies these allegations and demands strict proof thereof.

## COUNT IV: COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
(80/20 COLLECTIVE)

173. Defendant hereby re-alleges and re-avers Paragraphs 1-90 as though set forth fully herein.

174. Defendant denies these allegations and demands strict proof thereof.

175. Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws.  Otherwise, denied.

176. Defendant denies these allegations and demands strict proof thereof.

177. Defendant denies these allegations and demands strict proof thereof.

178. Defendant denies these allegations and demands strict proof thereof.

179. Defendant denies these allegations and demands strict proof thereof.

180. Defendant denies these allegations and demands strict proof thereof.

## COUNT V: FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS
(SUBSTANTIAL SIDE WORK CLASS)

181. Defendant hereby re-alleges and re-avers Paragraphs 1-90 as though set forth fully herein.

182. Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws.  Otherwise, denied.

183. Defendant denies these allegations and demands strict proof thereof.

184. Defendant denies these allegations and demands strict proof thereof.

185. This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

186. This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

187. Defendant denies these allegations and demands strict proof thereof.

188. Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws, and that side-work is required of all employees of Defendant and that all employees are properly and correctly compensated by law for all duties performed.  Otherwise, denied and demand strict proof thereof.

189. Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws, and that side-work is required of all employees of Defendant and that all employees are properly

and correctly compensated by law for all duties performed.   Otherwise, denied and demand strict proof thereof.

190.   Defendant denies these allegations and demands strict proof thereof.

191.   Defendant denies these allegations and demands strict proof thereof.

192.   Defendant denies these allegations and demands strict proof thereof.

193.   Defendant denies these allegations and demands strict proof thereof.

194.   Defendant denies these allegations and demands strict proof thereof.

195.   Defendant denies these allegations and demands strict proof thereof.

196.   Defendant denies these allegations and demands strict proof thereof.

197.   Defendant denies these allegations and demands strict proof thereof.

198.   Defendant denies these allegations and demands strict proof thereof.

199.   Defendant denies these allegations and demands strict proof thereof.

200.   Defendant denies these allegations and demands strict proof thereof.

201.   Defendant denies these allegations and demands strict proof thereof.

202.   Defendant denies these allegations and demands strict proof thereof.

203.   Defendant denies these allegations and demands strict proof thereof.

204.   Defendant denies these allegations and demands strict proof thereof.

205.   Defendant denies these allegations and demands strict proof thereof.

206.   Defendant denies these allegations and demands strict proof thereof.

207.   Defendant denies these allegations and demands strict proof thereof.

208.   This allegation cannot be responded to as it is a recitation of legal principles.   Therefore, denied.

209.   This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

210.   Defendant denies these allegations and demands strict proof thereof.

211.   Defendant admits that Plaintiff served Defendant a written pre-suit demand letter regarding her FMWA claims on or about April 19, 2023, otherwise denied and demands strict proof thereof.

212.   Defendant admits that more than 15 days has elapsed since Plaintiff served Defendant with her written pre-suit notice and demand, otherwise denied and demands strict proof thereof.

213.   Defendant denies these allegations and demands strict proof thereof.

214.   Defendant denies these allegations and demands strict proof thereof.

215.   Defendant denies these allegations and demands strict proof thereof.

## COUNT VI: COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (SUBSTANTIAL SIDE WORK COLLECTIVE)

216.   Defendant hereby re-alleges and re-avers Paragraphs 1-90 as though set forth fully herein.

217.   Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws.  Otherwise denied and demands strict proof thereof.

218.   Defendant denies these allegations and demands strict proof thereof.

219.   Defendant denies these allegations and demands strict proof thereof.

220.   Defendant denies these allegations and demands strict proof thereof.

221.    Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws, and that side-work is required of all employees of Defendant and that all employees are properly and correctly compensated by law for all duties performed.  Otherwise, denied and demand strict proof thereof.

222.    Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws, and that side-work is required of all employees of Defendant and that all employees are properly and correctly compensated by law for all duties performed.  Otherwise, denied and demand strict proof thereof.

223.    Defendant denies these allegations and demands strict proof thereof.

224.    Defendant denies these allegations and demands strict proof thereof.

## COUNT VII: FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (KICKBACK CLASS)

225.    Defendant hereby re-alleges and re-avers Paragraphs 1-90 as though set forth fully herein.

226.    Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws.  Otherwise denied and demands strict proof thereof.

227.    Defendant denies these allegations and demands strict proof thereof.

228.    Defendant denies these allegations and demands strict proof thereof.

229.    This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

230.    This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

231.    Defendant denies these allegations and demands strict proof thereof.

232.    Defendant denies these allegations and demands strict proof thereof.

233.    Defendant denies these allegations and demands strict proof thereof.

234.    Defendant denies these allegations and demands strict proof thereof.

235.    Defendant denies these allegations and demands strict proof thereof.

236.    Defendant denies these allegations and demands strict proof thereof.

237.    Defendant denies these allegations and demands strict proof thereof.

238.    Defendant denies these allegations and demands strict proof thereof.

239.    Defendant denies these allegations and demands strict proof thereof.

240.    Defendant denies these allegations and demands strict proof thereof.

241.    Defendant denies these allegations and demands strict proof thereof.

242.    Defendant denies these allegations and demands strict proof thereof.

243.    Defendant denies these allegations and demands strict proof thereof.

244.    Defendant denies these allegations and demands strict proof thereof.

245.    Defendant denies these allegations and demands strict proof thereof.

246.    Defendant denies these allegations and demands strict proof thereof.

247.    Defendant denies these allegations and demands strict proof thereof.

248.    Defendant denies these allegations and demands strict proof thereof.

249.    Defendant admits that Named Plaintiff was a tipped server for Defendant, otherwise denied and demands strict proof thereof.

250.    Defendant admits that Plaintiff worked for Defendant as a restaurant server, otherwise denied and demands strict proof thereof.

251.    Defendant denies these allegations and demands strict proof thereof.

252.    This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

253.    This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

254.    This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

255.    This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

256.    This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

257.    This allegation cannot be responded to as it is a recitation of legal principles. Therefore, denied.

258.    Defendant denies these allegations and demands strict proof thereof.

259.    Defendant admits that Plaintiff served Defendant a written pre-suit demand letter regarding her FMWA claims on or about April 19, 2023, otherwise denied and demands strict proof thereof.

260.    Defendant admits that more than 15 days has elapsed since Plaintiff served Defendant with her written pre-suit notice and demand, otherwise denied and demands strict proof thereof.

261.    Defendant denies these allegations and demands strict proof thereof.

262.    Defendant denies these allegations and demands strict proof thereof.

263.    Defendant denies these allegations and demands strict proof thereof.

## COUNT VIII: COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
(KICKBACK COLLECTIVE)

264.    Defendant hereby re-alleges and re-avers Paragraphs 1-90 as though set forth fully herein.

265.    Defendant denies these allegations and demands strict proof thereof.

266.    Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws.  Otherwise denied and demands strict proof thereof.

267.    Defendant denies these allegations and demands strict proof thereof.

268.    Defendant denies these allegations and demands strict proof thereof.

269.    Defendant denies these allegations and demands strict proof thereof.

270.    Defendant denies these allegations and demands strict proof thereof.

271.    Defendant denies these allegations and demands strict proof thereof.

272.    Defendant denies these allegations and demands strict proof thereof.

273.    Defendant denies these allegations and demands strict proof thereof.

## COUNT IX: FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS

(SUBSTANDARD MINIMUM WAGE CLASS)

274.   Defendant hereby re-alleges and re-avers Paragraphs 1-90 as though set forth fully herein.

275.   Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error.  Otherwise denied and demands strict proof thereof.

276.   Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error.  Otherwise denied and demands strict proof thereof.

277.   Defendant admits that Plaintiff served Defendant a written pre-suit demand letter regarding her FMWA claims on or about April 19, 2023, otherwise denied and demands strict proof thereof.

278.   Defendant admits that more than 15 days has elapsed since Plaintiff served Defendant with her written pre-suit notice and demand, otherwise denied and demands strict proof thereof.

279.   This allegation cannot be responded to as it is a recitation of legal principles.  Therefore, denied.

280.   Defendant denies these allegations and demands strict proof thereof.

281.   Defendant denies these allegations and demands strict proof thereof.

282.   Defendant denies these allegations and demands strict proof thereof.

283.   Defendant denies these allegations and demands strict proof thereof.

284.   Defendant denies these allegations and demands strict proof thereof.

285.   Defendant denies these allegations and demands strict proof thereof.

286.   Defendant denies these allegations and demands strict proof thereof.

287.   Defendant denies these allegations and demands strict proof thereof.

288.   Defendant denies these allegations and demands strict proof thereof.

289.   Defendant denies these allegations and demands strict proof thereof.

290.   Defendant denies these allegations and demands strict proof thereof.

291.   Defendant denies these allegations and demands strict proof thereof.

292.   Defendant denies these allegations and demands strict proof thereof.

293.   Defendant denies these allegations and demands strict proof thereof.

294.   Defendant denies these allegations and demands strict proof thereof.

295.   Defendant denies these allegations and demands strict proof thereof.

296.   Defendant denies these allegations and demands strict proof thereof.

297.   Defendant denies these allegations and demands strict proof thereof.

298.   Defendant admits that Plaintiff worked for Defendant as a restaurant server, otherwise denied and demands strict proof thereof.

299.   Defendant denies these allegations and demands strict proof thereof.

300.   Defendant denies these allegations and demands strict proof thereof.

301.   Defendant admits that Plaintiff served Defendant a written pre-suit demand letter regarding her FMWA claims on or about April 19, 2023, otherwise denied and demands strict proof thereof.

302.   Defendant denies these allegations and demands strict proof thereof.

303.   Defendant denies these allegations and demands strict proof thereof.

304.   Defendant denies these allegations and demands strict proof thereof.

305.   Defendant denies these allegations and demands strict proof thereof.

306.   Defendant denies these allegations and demands strict proof thereof.

## COUNT X: COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (SUBSTANDARD FEDERAL MINIMUM WAGE COLLECTIVE)

307.   Defendant hereby re-alleges and re-avers Paragraphs 1-90 as though set forth fully herein.

308.   Defendant denies these allegations and demands strict proof thereof.

309.   Defendant admits that it pays its servers according to the laws of the State of Florida and United States of America, i.e. by appropriately taking a tip credit in accordance with the law and ensuring that servers receive tips according to those laws.  Otherwise denied and demands strict proof thereof.

310.   Defendant denies these allegations and demands strict proof thereof.

311.   Defendant denies these allegations and demands strict proof thereof.

312.   Defendant denies these allegations and demands strict proof thereof.

313.   Defendant denies these allegations and demands strict proof thereof.

314.   Defendant denies these allegations and demands strict proof thereof.

315.   Defendant denies these allegations and demands strict proof thereof.

## COUNT XI: COLLECTIVE ACTION FOR FEDERAL OVERTIME WAGE VIOLATIONS

316.   Defendant hereby re-alleges and re-avers Paragraphs 1-90 as though set forth fully herein.

317.   Defendant admits that this action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), otherwise denied.

318.   Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an

administrative and/or clerical error, which may have affected the correct overtime rate owed and also paid to Named Plaintiff during her employment with Defendant. Otherwise denied and demands strict proof thereof.

319.   Defendant only admits that Named Plaintiff was mistakenly not paid the full $7.98 of minimum tip-credit wage from September 30, 2022 through April 7, 2023 due to an administrative and/or clerical error, which may have affected the correct overtime rate owed and also paid to Named Plaintiff during her employment with Defendant. Otherwise denied and demands strict proof thereof.

320.   Defendant denies these allegations and demands strict proof thereof.

321.   Defendant denies these allegations and demands strict proof thereof.

322.   Defendant denies these allegations and demands strict proof thereof.

323.   Defendant denies these allegations and demands strict proof thereof.

324.   Defendant denies these allegations and demands strict proof thereof.

325.   Defendant denies these allegations and demands strict proof thereof.

326.   Defendant denies these allegations and demands strict proof thereof.

## STATEMENT OF AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Named Plaintiff was paid for all hours worked.  Defendant states that no class action is certifiable in this case, and that even if other class members exist, those class members were paid for all hours worked.

### SECOND AFFIRMATIVE DEFENSE

Named Plaintiff was paid time and a half for overtime hours worked.  Defendant states that no class action is certifiable in this case, and that even if other class members exist, those class members were paid for all hours worked.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute(s) of limitations.  The FLSA statute of limitations is for two years, unless willful violations are proven, at which point a third year is added to the Named Plaintiff's damages.  Defendant did not violate the FLSA, willfully or otherwise.  Named Plaintiff therefore cannot state a claim for damages prior to two years before the date this action was filed.  Defendant states that no class action is certifiable in this case, and that even if other class members exist, those class members would be subject to the applicable statute of limitations as described above.

## FOURTH AFFIRMATIVE DEFENSE

At no time did Defendant act "willfully" within the meaning of the FLSA. Named Plaintiff did not complain that she was not being paid overtime or, if she did, Defendant had no knowledge of such complaints. Therefore, Named Plaintiff is barred from recovering liquidated damages. Furthermore, Named Plaintiff's claim for liquidated damages under the FLSA is barred on the grounds that, pursuant to 29 U.S.C. §§ 258(a) and 259(a), Defendant, in good faith, has acted in conformity with and in reliance upon written administrative regulations regarding the acts or admissions alleged in the Complaint and its actions were neither wrongful nor reckless. Defendant states that no class action is certifiable in this case, and that even if other class members exist, those class members did not complain about any owed damages, and Defendant did not know of any such complaints, so therefore any class members would also be barred from recovering liquidated damages.

### FIFTH AFFIRMATIVE DEFENSE

Any amounts due to Named Plaintiff should be set off by payments received by Named Plaintiff from Defendant that constitute overpayments to Named Plaintiff.  Named Plaintiff worked less hours than she reported to Defendant and Named Plaintiff was counseled on numerous occasions for violations of timekeeping and time reporting procedures.  Therefore, Defendant is entitled to compensation back from Named Plaintiff.  Defendant states that no class action is certifiable in this case, and that even if other class members exist, Defendant should be compensated for any overpayments made to such class members.

### SIXTH AFFIRMATIVE DEFENSE

Named Plaintiff is not entitled to overtime during those weeks she worked less than 40 hours. Defendant states that no class action is certifiable in this case, and that even if other class members exist, those class members are not entitled to overtime during those weeks they worked less than 40 hours.

### SEVENTH AFFIRMATIVE DEFENSE

Named Plaintiff is not entitled to overtime for periods during which she performed no work, took leave, was absent from the workplace, took holidays, or voluntarily attended unrelated functions.  Defendant states that no class action is certifiable in this case, and that even if other class members exist, those class members would not be entitled to overtime for periods during which they performed no work, took leave, were absent from the workplace, took holidays, or voluntarily attended unrelated functions.

### EIGHTH AFFIRMATIVE DEFENSE

Named Plaintiff's damages, if any, must be limited to the extent Named Plaintiff engaged in misconduct during her employment, which, if then known by Defendant, would have resulted

in her termination. This is known as the after-acquired evidence doctrine. Defendant reasonably believes that Named Plaintiff did not report her hours correctly, knew about it, but failed to repay Defendant for the overpayment. Defendant states that no class action is certifiable in this case, and that even if other class members exist, those class members would also have their respective damages limited in light of any after-acquired evidence related to said class members.

### NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses or counter-claims, which may become known during the course of discovery. Defendant reserve all other defenses available under the FLSA.

### TENTH AFFIRMATIVE DEFENSE

No case or controversy exists between the Named Plaintiff or potential class members and Defendant as the claims of Named Plaintiff or potential class members are moot.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that it had in place a mechanism to ensure correct payment of wages to employees and Named Plaintiff failed to abide by it and failed to report alleged errors in wages. Defendant states that no class action is certifiable in this case, and that even if other class members exist, those class members also failed to abide by and/or utilize Defendant's mechanisms.

### TWELVTH AFFIRMATIVE DEFENSE

Defendant asserts that Named Plaintiff has asserted claims that Named Plaintiff knows are false. Defendant states that no class action is certifiable in this case, and that even if other

class members exist, those class members are also asserting claims known to be false. Defendant is entitled to attorneys' fees and costs and other appropriate sanctions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Named Plaintiff's claims for unpaid wages, if any, are *de minimis* and therefore not subject to payment and do not violate the FLSA.  Defendant states that no class action is certifiable in this case, and that even if other class members exist, those class members also have *de minimis* claims not subject to payment under the FLSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Named Plaintiff improperly seeks to bring claims on behalf of similarly situated employees when individual issues predominate and are not appropriate for collective relief.  These claims are not similar, common, or typical of other workers.


**WHEREFORE**, having fully answered the Complaint and having raised affirmative defenses thereto, Defendant respectfully request that this Court:

   (a)   dismiss the Complaint with prejudice;

   (b)   deny each demand and prayer for relief;

   (c)   deny and/or reject any requests and/or petitions for class certification;

   (d)   award Defendant its costs, disbursements and reasonable attorney's fees incurred in defense hereto; and

   (e)   award Defendant such other and further relief as this Court may deem appropriate.

Dated this 21st day of July, 2023

Respectfully submitted,

**/s/Max L. Horowitz**
Max L. Horowitz (FBN: 118269)
E-mail: max@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2023 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **Max L. Horowitz**

## SERVICE LIST

**ELSIE MACIAS v. EL BAYU DE WELA SARA, INC.**
Case No.0:23-cv-61004-BB
**United States District Court, SOUTHERN District of Florida**

Max L. Horowitz
E-Mail: max@saenzanderson.com
R. Martin Saenz, Esq.
E-Mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Defendant*

Jordan Richards
E-Mail: jordan@jordanrichardspllc.com
Michael V. Miller
E-Mail: michael@usaemploymentlawyers.com
USA EMPLOYMENT LAWYERS JORDAN RICHARDS PLLC
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Telephone: (954) 871-0050
*Counsel for Plaintiff*